UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No.

SANDESTIN INVESTMENTS, LLC,
a Florida Limited Liability Company,

      Plaintiff,

  v.

DESTIN PLATINUM LLC,
a Florida Limited Liability Company,

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Sandestin Investments, LLC, through undersigned counsel, Polsinelli, PC, brings this action against Destin Platinum LLC, and alleges as follows:

### THE PARTIES

1. Plaintiff Sandestin Investments, LLC ("Sandestin" or "Plaintiff") is a Florida limited liability company with its principal place of business located at 9300 Emerald Coast Parkway West, Destin, Florida 32550-7268.

2. Destin Platinum LLC ("Platinum" or "Defendant") is a Florida limited liability company with its principal place of business located at 111 Broadway, Suite 300 Nashville, TN 37201.

### JURISDICTION AND VENUE

3. This action arises under §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.* and Florida common law.

4. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant provides services to customers located in Florida, conducts business in the Northern District of Florida, and owns a property located at 10861 US Highway 98 W, Miramar Beach, Florida 32550.

6. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in the action occurred within this jurisdiction, which include but are not limited to Defendant providing resort hotel and related services in this judicial district and maintaining an office in this judicial district.

## BACKGROUND

*A.     The SANDESTIN Mark*

7. Sandestin is a renowned hospitality company that owns a variety of properties throughout Northwest Florida, including the full-service, top-ranked Sandestin Golf and Beach Resort (the "Sandestin Resort") in Miramar Beach, Florida.

8. The Sandestin Resort is a vast 2,400-acre resort, comprised of 30 charming neighborhoods featuring four-star hotel rooms and over 1,250 vacation rentals, ranging from condominiums to cottages, bungalows to villas. These accommodations are spread throughout the Sandestin Resort, whether they are beachfront, bayside, on a golf course, or in the village.

9. For decades, the Sandestin Resort has been unrivaled in its sheer size and the extent of luxury offerings, which attract people from all over the world. Its amenities include four championship golf courses, seven-miles of perfectly maintained white-sand beaches, pristine bay-front shores, fifteen world-class tennis courts, nineteen tennis courts, a marina and high-end spa

and fitness facilities. The Sandestin Resort also has an urban village and award-winning shopping and nightlife.

10. Since at least as early as June 1973, Sandestin has engaged in extensive and continuous advertising of the Sandestin Resort under the name "SANDESTIN", including radio, television, online and print advertising. It has also developed significant goodwill via word of mouth. As a result, the consuming public has come to associate the SANDESTIN mark with Sandestin and its vast, high-quality luxury Sandestin Resort.

11. People around the country specifically seek out the Sandestin Resort because of its reputation.

12. Through its long and continuous use and promotion of the SANDESTIN mark, Sandestin has acquired valuable common law rights in that mark.

13. Sandestin owns U.S. Trademark Registration Numbers 2,634,400 and 2,661,854 for the SANDESTIN mark in connection with "resort hotel services, restaurants; health spa services; medical clinics"; "[g]olf course services; providing tennis and watersports facilities for recreation activities; conducting entertainment exhibitions in the nature of wine festivals; country club facilities"; "leasing of shopping mall space; real estate brokerage"; and "retail department stores; retail clothing stores; retail outlets featuring sporting goods; retail novelty and souvenir stores".  Copies of the registration certificates for these marks are attached as **Exhibit A**, which are incorporated herein by reference.

14. U.S. Trademark Registration Nos. 2,634,400 and 2,661,854 have been declared incontestable pursuant to 15 U.S.C. § 1065.

15. Both of the U.S. Trademark Registrations listed above are valid and subsisting and therefore constitute prima facie evidence of the validity of the marks set forth in these registrations

88874644.2

and Sandestin's exclusive right to use these marks in connection with the services set forth in these registrations.

16. The federal registration rights and common law rights of Sandestin in the service marks described above are collectively referred to as the "Sandestin Mark."

17. Since 1973, Sandestin has invested millions of dollars to develop, promote, and maintain the Sandestin Mark, among other marks owned by Sandestin, in the United States.

18. As a result of substantial sales and extensive advertising and promotion, the Sandestin Mark has become widely and favorably known as identifying real estate, hotel and resort, and hospitality products and services originating from, sponsored by, or associated with Sandestin.

19. The public has come to associate the well-known and distinctive Sandestin Mark with Sandestin as a source of high-quality real estate, hotel and resort, and hospitality products and services.

### B.   *Platinum's Use of the SANDESTIN Mark*

20. In or around March 2023, Sandestin learned that despite its long-standing and continued use of the SANDESTIN Mark, Platinum has begun advertising and offering its real estate and hotel services in Miramar Beach, Florida in connection with the SANDESTIN Mark on various websites, including but not limited to https://hotels.cloudbeds.com/ (see examples set forth in **Exhibit B**), and on hotel property signage, including as set forth below:



21. Platinum uses the SANDESTIN Mark to advertise and promote its hotel and resort services located outside of the Sandestin Resort, such as that located at 10861 US Highway 98 W, Miramar Beach, Florida. In doing so, Platinum both displays the mark on third-party websites and the property.

22. On March 15, 2023, outside trademark counsel for Sandestin sent a letter to Platinum, informing it of Sandestin's registrations for the SANDESTIN Mark and asking it to refrain from using the Sandestin Mark to promote the properties it owns and operates. No response was received from Platinum. Despite having received this communication, and its knowledge of the SANDESTIN Mark registrations, Platinum continues to use that mark without the permission of Sandestin.

23. Upon information and belief, Platinum has long been aware of Sandestin and its use of the SANDESTIN Mark.

24. A cursory review of the USPTO website by Platinum would have revealed Sandestin's registrations of its SANDESTIN Mark.

5

25. Platinum's actions have caused, and will continue to cause, Sandestin monetary and other damages for the continued use of the Sandestin Mark.

26. Platinum's infringing use of the Sandestin Mark began subsequent to Sandestin's first use and registration of the Sandestin Mark, and on information and belief, Platinum is still using the Mark without authorization.

27. Upon information and belief, Platinum will continue to commit the acts complained of in this Complaint unless enjoined.

28. Upon information and belief, Platinum's acts were knowingly, deliberately, and intentionally carried out in bad faith, or with a reckless disregard for, or with willful blindness to, Sandestin's rights, for the purpose of causing confusion and/or trading on Sandestin's reputation, thereby rendering this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

29. Upon information and belief, Platinum has profited and continue to profit from its unlawful acts.

30. Platinum's infringement and counterfeiting has caused and will continue to cause damages to Sandestin, including monetary damages and damage to Sandestin's hard-earned goodwill and reputation, as well as diminished control over the use of the Sandestin Mark or the quality of the services offered under the Sandestin Mark.

## Trademark Infringement Under Federal Law
### (15 U.S.C. § 1114(1))

31. Sandestin realleges the allegations contained in the paragraphs above.

32. This is a claim for infringement of the federally registered Sandestin Mark, as depicted in the attached Exhibit A.

33. Platinum's acts as alleged in this Complaint constitute a use in commerce and interstate commerce of a reproduction or colorable imitation of federally registered marks of

6

Sandestin in connection with the sale and distribution of Platinum's real estate and related hotel and resort services.

34. Platinum's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Platinum is affiliated with, related to, sponsored by, or connected with Sandestin, in violation of 15 U.S.C. § 1114(1).

35. Platinum's conduct also constitutes an attempt to trade on the goodwill that Sandestin has developed in the Sandestin Mark, all to the damage of Sandestin.

36. Platinum's conduct was and is intentional or with a reckless disregard for or with willful blindness to Sandestin's trademark rights. Upon information and belief, Platinum's acts as alleged herein have been and are being performed with knowledge of Sandestin's exclusive rights in the United States to the Sandestin Mark, and with knowledge that imitation of Sandestin's mark would cause confusion, or cause mistake or deceive, in an intentional and willful violation of 15 U.S.C. §1114(1)(a), all for Platinum's profit.

37. Upon information and belief, Platinum has made, and will continue to make, substantial profits and gain from its unauthorized use of Plaintiff's Sandestin Mark, to which Platinum is not entitled at law or in equity.

38. Sandestin has suffered, and will continue to suffer, irreparable harm, damage, and injury from Platinum's acts and conduct complained of herein, unless restrained and enjoined by this Court. Platinum's conduct imminently and irreparably harms Sandestin's SANDESTIN brand.

39. Sandestin has no adequate remedy at law.

**COUNT II**
**Unfair Competition and False Designation of Origin Under Federal Law**

**(15 U.S.C. § 1125(a))**

40. Sandestin realleges the allegations contained in the paragraphs above.

41. This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), arising from Platinum's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Platinum's services, in violation of 15 U.S.C. § 1125(a).

42. Upon information and belief, Platinum's use of Plaintiff's Sandestin Mark to advertise, market, offer for sale, and/or sell purported real estate and related hotel and resort services to consumers constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

43. Platinum has also falsely held itself out to be an agent of and/or authorized by Sandestin to sell and/or provide real estate and related hotel and resort services under the Sandestin Mark, when this is not the case.

44. Platinum's conduct constitutes an attempt to trade on the goodwill that Sandestin has developed in the Sandestin Mark, all to the damage of Sandestin.

45. By its conduct, Platinum has caused Sandestin irreparable harm, damage, and injury and will continue to do so unless Platinum is restrained and enjoined by this Court from further violation of Sandestin's rights.

46. Sandestin has no adequate remedy at law.

## COUNT III
**Trademark Counterfeiting Under Federal Law**
**(15 U.S.C. § 1114)**

47. Sandestin realleges the allegations contained in each of the paragraphs above.

48. This is a claim for counterfeit use of the federally registered Sandestin Mark, as depicted in the attached Exhibit A.

49. Platinum has used and is using in commerce spurious designations that are identical to, or substantially indistinguishable from, the Sandestin Mark, or that contain elements that are identical to, or substantially indistinguishable from, elements of the Sandestin Mark, in connection with services covered by registrations for the Sandestin Mark, namely, hotel, resort and real estate services.

50. Platinum has used and is using these spurious designations knowing they are counterfeit in connection with the advertisement and promotion of their real estate and related hotel and resort services.

51. Platinum's use of the Sandestin Mark to advertise and promote its real estate and related hotel and resort services was and is without the consent of Sandestin.

52. Platinum's conduct is likely to cause confusion, mistake, or deception as to the source or origin of its real estate services, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1114.

53. Platinum's conduct also constitutes an attempt to trade on the goodwill that Sandestin has developed in the Sandestin Mark, all to the damage of Sandestin.

54. By its conduct, Platinum has caused Sandestin irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further counterfeiting the Sandestin Mark.

55. Sandestin has no adequate remedy at law.

## COUNT IV
## Florida Deceptive and Unfair Trade Practices Act
## (Fla. Stat. § 501.204(1))

88874644.2

56. Sandestin realleges the allegations contained in the paragraphs above.

57. This is a claim for deceptive business practices, arising from Platinum's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Fla. Stat. § 501.204(1).

58. Platinum's conduct constitutes an attempt to trade on the goodwill that Sandestin has developed in the Sandestin Mark, all to the damage of Sandestin.

59. By its conduct, Platinum has caused Sandestin irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the Sandestin Mark.

60. Sandestin has no adequate remedy at law.

## COUNT IV
### Florida Common Law Trademark Infringement

61. Sandestin realleges the allegations contained in the paragraphs above.

62. This is a claim for trademark infringement, arising from Platinum's use, and continued use, of the Sandestin Mark in commerce in connection with the provision of real estate and related hotel and resort services, which is likely to create consumer confusion in the marketplace, in violation of the common law of Florida.

63. Platinum's conduct constitutes an attempt to trade on the goodwill that Sandestin has developed in the Sandestin Mark, all to the damage of Sandestin.

64. By its conduct, Platinum has caused Sandestin irreparable harm and injury and will continue to do so unless Platinum is restrained and enjoined by this Court from further violation of Sandestin's rights.

65. Sandestin has no adequate remedy at law.

## COUNT VIII
## Florida Common Law Unfair Competition

66. Sandestin realleges the allegations contained in each of the paragraphs above.

67. This is a claim for unfair competition under the common law of Sandestin.

68. Platinum's conduct misappropriates Sandestin's valuable intellectual property rights and trades on the goodwill symbolized by the distinctive Sandestin Mark and the Sandestin Mark's distinguishing characteristics, and is thereby likely to cause confusion or deception.

69. By its conduct, Platinum has engaged in unfair competition with Sandestin in violation of the common law of unfair competition of the state of Florida.

70. By its conduct, Platinum has caused Sandestin irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the Sandestin Mark.

71. Sandestin has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Sandestin that this Court enter judgment in its favor and against Platinum, on all claims as follows:

A. Grant preliminary and permanent injunctive relief enjoining Platinum and any principals, agents, servants, employees, successors, and assigns of Platinum and all those in privity, concert, or participation with Platinum from:

  i. Imitating, copying, duplicating, or otherwise making any use of the Sandestin Mark or any mark confusingly similar to the Sandestin Mark;

  ii. Manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the Sandestin Mark;

  iii. Using any unauthorized copy or colorable imitation of the Sandestin Mark in such

fashion as is likely to relate or connect Platinum with Sandestin;

      iv.    Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Platinum is sponsored, endorsed, connected with, approved, or authorized by Sandestin;

      v.    Causing likelihood of confusion or injury to Sandestin's business reputation and to the distinctiveness of the Sandestin Mark by unauthorized use of a confusingly similar mark;

      vi.    Engaging in any other activity constituting unfair competition or infringement of the Sandestin Mark or Sandestin's rights in, or to use, or to exploit the same; and

      vii.    Assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

    B.    Find that Platinum has infringed the Sandestin Mark in violation of federal law and have damaged Sandestin's goodwill by Platinum's conduct.

    C.    Find that Platinum has unfairly competed with Sandestin by the acts complained of herein in violation of federal law.

    D.    Find that Platinum's acts constitute deceptive acts and practices under Fla. Stat. § 501.204(1).

    E.    Find that Platinum has unfairly competed and infringed the Sandestin Mark by the acts complained of herein in violation of the common law of Florida.

    F.    Grant an order requiring Platinum, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Platinum who receive actual notice of said order, to deliver up or at Sandestin's election certify the destruction or removal of all signs, articles, and promotional, advertising and any other printed materials or media of any kind using the Sandestin Mark, or any mark confusingly similar to the Sandestin Mark.

    G.    Award Sandestin judgment for damages against Platinum resulting from violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for Federal Trademark Infringement, Federal Unfair Competition, and

Federal Counterfeiting, respectively, in an amount to be fixed by the Court, which in its discretion it finds just, including:

      i.    All profits received by Platinum from sales and revenues of any kind as a result of the actions complained of herein;

      ii.    All damages sustained by Sandestin as a result of Platinum's acts of infringement and unfair competition, and that such damages be trebled; and

      iii.    That, in light of the deliberate and willful actions of the Platinum, which is evidenced by Sandestin's putting Platinum on notice of its infringing conduct and Platinum's continued infringement and complete disregard of Sandestin's rights, this action be designated an exceptional case, thereby entitling Sandestin to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Sandestin as a result of this action, pursuant to 15 U.S.C. § 1117, and that Sandestin be awarded such relief;

      H.    Award Sandestin pre- and post-judgment interest on any monetary award made part of the judgment against Platinum;

      I.    Award Sandestin its costs and disbursements of this civil action, including, without limitation, reasonable attorneys' fees; and

      J.    Grant to Sandestin such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## **JURY DEMAND**

Sandestin demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: April 7, 2023                     Respectfully submitted,


By:  */s/ Ghislaine G. Torres Bruner*
Ghislaine G. Torres Bruner (FL #546321)
POLSINELLI PC
1401 Lawrence St., Suite 2300,
Denver, CO 80202
gbruner@polsinelli.com
jposthumus@polsinelli.com

*Attorneys for Plaintiff, Sandestin Investments, LLC*